**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4324**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NANCY PHON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:16-cr-00705-TMC-1)

Submitted: October 23, 2018                                    Decided: October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Phon pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012).  Phon's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Phon's 144-month sentence is substantively reasonable.[*]  We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  *Id.* at 51.  If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.*  A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[*] Phon's plea agreement contained a provision waiving her right to appeal. However, because the Government has not sought to enforce the waiver, our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

After properly calculating Phon's Guidelines range, the district court thoroughly explained why a sentence of 144 months was sufficient but not greater than necessary to achieve the sentencing objectives in light of the § 3553(a) factors. Moreover, nothing in the record rebuts the presumption of reasonableness attached to Phon's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment, but we remand the case for the limited purpose of allowing the district court to correct the judgment, *see* Fed. R. Crim. P. 36, and properly identify the statutes of conviction for Count 1 (21 U.S.C. §§ 841(a)(1), and 846) and Count 19 (18 U.S.C. § 1956(a)(1), (h)). This court requires that counsel inform Phon, in writing, of the right to petition the Supreme Court of the United States for further review. If Phon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

3